**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| DAMEION WILLIAMS, | * | |
| ADC #154142, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 4:20-cv-00079-JJV |
| | * | |
| DEXTER PAYNE, Director, | * | |
| Arkansas Division of Correction, | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER**

## I. INTRODUCTION

Petitioner Dameion Williams, an inmate at the Grimes Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. No. 1.) Mr. Williams was convicted by a jury in Pope County, Arkansas, of aggravated robbery, attempted first-degree murder, and first-degree battery. (Doc. No. 9-5 at 92-94.) He was sentenced to concurrent prison terms of thirty-five years, six years, and five years, respectively. (*Id.*) The Arkansas Court of Appeals summarized the basic facts of the case as follows:

> Detective Steve Barker, of the Russellville Police Department, testified that he was called out on a case involving a shooting on October 22, 2014. He made contact with the victim at the emergency room of the local hospital. She was "seriously injured from a gunshot wound." She identified her assailants as Zach Stokes and "Demo"; she "just kept saying Zach and Demo shot me." She did not know the full name of the second man or "anything other than Demo." The victim said she "knew [Stokes and Demo] from the neighborhood." Detective Barker, being "familiar with Demo" and the "street name [Demo]" through his work on different calls and cases while working with the drug task force, "knew Demo was Dameion Williams." So, on the next day, he took a single photograph of appellant to the victim and "asked her if that was who she meant when she said Demo." He knew the photo of appellant was "Demo" but he "wanted to make sure that Demo was Dameion Williams. That the Demo [he] knew was the Demo that she knew." The victim identified the appellant as "Demo" from the single photograph.

*Williams v. State*, 2017 Ark. App. 198, at 3, 517 S.W.3d 446, 448.

On direct appeal, Mr. Williams argued the trial court erred by (1) denying his motion to suppress the victim's out-of-court identification of him, (2) refusing to require his co-defendant to testify despite Stokes's invocation of his Fifth Amendment right against self-incrimination, and (3) refusing to give an instruction allowing the jury to draw a negative inference from the absence of a convenience store video that purportedly would have showed Mr. Williams was elsewhere around the time of the crime. *Id*. The Arkansas Court of Appeals rejected each argument. It held Detective Barker's use of the photograph to confirm Mr. Williams's identity was not suggestive, particularly because the victim clearly knew him and identified him at the scene. *Id*. at 6-7, 517 S.W.3d at 450. Further, it held Mr. Williams's argument about his co-defendant's testimony was not supported by any citation to authority, and his argument about the proposed jury instruction was not preserved, as the trial court never made a final ruling and trial counsel failed to proffer the proposed instruction. *Id*. at 7-8, 517 S.W.3d at 450-51.

Mr. Williams subsequently filed a timely petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. (Doc. No. 9-10 at 10-21.) He asserted his trial counsel, who had also represented him on appeal, rendered ineffective assistance by failing to adequately prepare for trial and by failing to properly preserve and argue issues on appeal. (*Id*.) The trial court denied relief without a hearing, noting the "[o]verwhelming evidence" of Mr. Williams's guilt presented at trial and finding his claims of ineffective assistance were conclusory or unsupported. (*Id*. at 33-37.)

The Arkansas Court of Appeals affirmed. *Williams v. State*, 2019 Ark. App. 58, 569 S.W.3d 361. The court held any alleged lack of preparation on the part of trial counsel had no effect on whether Mr. Williams's co-defendant testified, as a co-defendant cannot be forced to

testify after invoking the Fifth Amendment. *Id*. at 5, 569 S.W.3d at 366. The court also held Mr. Williams failed to show how trial counsel could have elicited testimony regarding the investigation of other possible suspects, which would have been prohibited under *Zinger v. State*, 313 Ark. 70, 852 S.W.2d 320 (1993). *Id*. at 6, 569 S.W.3d at 366. Lastly, the court held the claims of ineffective assistance for failing to preserve and argue issues on appeal were conclusory. *Id*. at 6-7, 569 S.W.3d at 367. Mr. Williams also asserted trial counsel was ineffective in cross-examining the victim, but the appellate court refused to consider the merits of this argument because it was raised for the first time on appeal and was added after Mr. Williams was instructed to correct deficiencies in the abstract of his original appellate brief. *Id*. at 2-3, 569 S.W.3d at 364-65.

In the Petition for Writ of Habeas Corpus now before the Court, Mr. Williams raises several claims for relief. (Doc. No. 1.) He alleges trial counsel rendered ineffective assistance by: (1) failing to adequately prepare for trial, as evidenced by a last-minute subpoena sent to Mr. Williams's co-defendant, foreclosing testimony that would have exonerated him; (2) conducting a cross-examination of the victim that was too lengthy and re-emphasized testimony damaging to the defense; and (3) failing to elicit testimony about the investigation of other possible suspects. (*Id*. at 12-18.) Mr. Williams also alleges he received ineffective assistance of counsel on direct appeal, as evidenced by counsel's failure to cite authority for the argument that Stokes should have been required to testify, as well as his failure to preserve the issue of the proposed jury instruction. (*Id*. at 19-21.) Finally, Mr. Williams raises a claim of actual innocence, pointing to the absence of a confession, weapon, or other physical evidence, the victim's credibility, the missing convenience store video, and Stokes's anticipated testimony that he was not with Mr. Williams at the time of the crime. (*Id*. at 21-25.) Respondent contends Mr. Williams's Petition is time-

barred and his claims are either procedurally defaulted or without merit, or both. (Doc. No. 9.) After careful consideration of the Petition and Response, I find the Petition must be dismissed with prejudice.

## II.   ANALYSIS

### A.   Time Bar

Mr. Williams's Petition is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) impose a one-year period of limitation on habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the one-year limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment became final on April 17, 2017 – the

deadline for filing a petition for rehearing or review of the March 29, 2017 decision of the Arkansas Court of Appeals. *See* Ark. Sup. Ct. R. 2-3(a) (a petition for rehearing shall be filed within eighteen calendar days from the date of decision); Ark. Sup. Ct. R. 2-4(a) (a petition for review must be filed within eighteen calendar days from the date of decision); Ark. R. App. P. – Crim. 17 (when a filing deadline under the Rules of the Supreme Court and Court of Appeals falls on a Saturday, Sunday, or legal holiday, the deadline shall be extended to the next business day). However, pursuant to section 2244(d)(2), the time during which Mr. Williams's Rule 37 petition was pending is excluded from the limitation period. His Rule 37 petition was filed on June 16, 2017 (Doc. No. 9-10 at 10); the mandate on appeal from the denial of Rule 37 relief was issued on February 20, 2019 (Doc. No. 9-7). Mr. Williams filed his Petition for Writ of Habeas Corpus in this Court on January 22, 2020. (Doc. No. 1.)

Thus, sixty days elapsed between the time the judgment became final on April 17, 2017, and the filing of the Rule 37 petition on June 16, 2017. Then, 336 days elapsed between the issuance of the mandate in the Rule 37 proceeding on February 20, 2019, and the filing of the instant Petition on January 22, 2020. Accordingly, Mr. Williams's Petition for Writ of Habeas Corpus was filed 396 days after the judgment became final, which is outside the one-year period of limitation. Mr. Williams does not allege he is entitled to equitable tolling, and a careful review of the Petition fails to show any support for equitable tolling.[1] His Petition must be dismissed as untimely.

    **B.**    **Procedural Default and Merits**

---

[1] Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Even if Mr. Williams's Petition had been timely filed, he would not be entitled to relief. His claims of ineffective assistance of counsel based on inadequate trial preparation, the failure to elicit testimony about other suspects, and the failure to preserve and argue issues on appeal were all adjudicated on the merits in state court. *Williams*, 2019 Ark. App. 58, 569 S.W.3d 361. Mr. Williams cannot show the decision of the Arkansas Court of Appeals was contrary to, or involved an unreasonable application of, clearly established federal law, nor can he show it was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). As the state court held, because there was no way to compel Stokes's testimony or to introduce evidence of a third party's culpability without violating *Zinger*, trial counsel cannot be deemed ineffective on those bases. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam) (counsel's failure to advance a meritless argument cannot constitute ineffective assistance). Additionally, Mr. Williams's claim of ineffective assistance on appeal is as conclusory as it was in the Rule 37 proceeding; he fails to establish the appellate court would have reached a different decision absent counsel's alleged errors. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

The claim of ineffective assistance of counsel based on the cross-examination of the victim is procedurally defaulted. As previously noted, the Arkansas Court of Appeals declined to consider this claim on its merits because Mr. Williams raised it for the first time on appeal and improperly included it in a substituted brief after being instructed to correct abstract deficiencies. *Williams*, 2019 Ark. App. 58, at 2-3, 569 S.W.3d at 364-65. The state court's judgment as to this claim rests on an adequate and independent state ground. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) ("The doctrine applies to bar federal habeas when a state court declined to

address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.")  Mr. Williams does not assert cause for the default, and none is apparent.

Finally, Mr. Williams has failed to state a viable actual innocence claim.  The United States Supreme Court has made clear that the threshold for a freestanding claim of actual innocence, if it were recognized,[2] would be even higher than the threshold for a gateway claim. *Herrera v. Collins*, 506 U.S. 390, 417 (1993).  A petitioner who raises a "gateway" claim of actual innocence must establish (1) new and reliable evidence that was not presented at trial, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him.  *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997).  Evidence is "new" if it was not available at the time of trial through the exercise of due diligence.  *Nooner v. Hobbs,* 689 F.3d 921, 934 (8th Cir. 2012).  Additionally, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction.  *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001).  Mr. Williams's effort to point out purported deficiencies in the proof does not come close to meeting this standard.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  I find no issue on which Mr. Williams has made a substantial showing of the denial of a

---

[2] "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."  *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Burton v. Dormire*, 295 F.3d 839, 848 (8th Cir. 2002) ("[W]e have squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent.").

constitutional right. Accordingly, no certificate of appealability will issue.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Mr. Williams's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED with prejudice.

2. A certificate of appealability will not be issued.

SO ORDERED this 1st day of May 2020.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE